**Mattie RAINEY, Appellant–Defendant,**

v.

**NATIONAL CHECK BUREAU, INC., Appellee–Plaintiff.**

**No. 49A05–0603–CV–109.**

Court of Appeals of Indiana.

June 27, 2006.

---

Clifford W. Shepard, Indianapolis, IN, Attorney for Appellant.

G. Ronald Heath, Hoover Hull LLP, Indianapolis, IN, Stacie E. Barhorst pro hac vice, Barhorst & Associates, P.C., Chicago, IL, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Mattie Rainey appeals the trial court's denial of her motion to dismiss the amended complaint filed by National Check Bureau, Inc. ("NCB"), which alleged causes of action for breach of contract, account stated, and quantum meruit and/or quasi contract. She presents two issues for review, namely:

1. Whether the trial court erred when it denied Rainey's motion to dismiss NCB's amended complaint.

2. Whether the trial court erred when it awarded NCB post-judgment interest at the rate of eight percent annually under Indiana Code Section 24–4.6–1–101(1).

We affirm in part, reverse in part, and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

Rainey held a credit card pursuant to a credit agreement executed with Providian. When Rainey failed to pay the balance accrued on the charge account, interest accrued on the balance at the rate of 23.99 percent. In November 2002, Providian assigned all right and title in the account to Unifund CCR Partners ("Unifund"), and in October 2003, Unifund assigned the account to NCB.[1] After the assignment to Unifund, interest accrued on the account balance at the rate of six percent annually.

In May 2004, NCB filed its amended complaint against Rainey, seeking to collect the overdue debt. In June 2004, Rainey filed a motion to dismiss the amended complaint, and the trial court denied that motion after a hearing. In November 2005, NCB filed a motion for summary or default judgment. After a hearing, the trial court granted summary judgment in favor of NCB. On appeal, Rainey does not challenge the summary judgment entry. Rather, she appeals only the denial of her motion to dismiss the amended complaint.[2]

## DISCUSSION AND DECISION

### Issue One: Motion to Dismiss

Rainey appeals from the denial of her motion to dismiss the amended complaint under Indiana Trial Rule 12(B)(6). A Trial Rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim rather than the facts supporting the claim. *Gorski v. DRR, Inc.*, 801 N.E.2d 642, 644–45 (Ind.Ct.App.2003). Dismissal for failure to state a claim is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Id.* When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, this court accepts as true the facts alleged in the complaint. *In re Train Collision at Gary, Ind.*, 670 N.E.2d 902, 905 (Ind.Ct.App. 1996), *trans. denied, cert. denied* 522 U.S. 914, 118 S.Ct. 299, 139 L.Ed.2d 230 (1997). A court need not accept as true allegations that are contradicted by other allegations or exhibits attached to or incorporated in the pleading. *Trail v. Boys & Girls Clubs of Northwest Ind.*, 845 N.E.2d 130, 134 (Ind.2006).

Rainey's claims on appeal are based on the provisions of the Indiana Uniform Consumer Credit Code ("IUCCC"), Indiana Code Sections 24–4.5–1–101 through 24–4.5–7–414. Specifically, Rainey contends that because her charge account was originated with a twenty-one-percent annual interest rate, it is a supervised loan as defined by Indiana Code Section 24–4.5–3–501, which can only be made by or assigned to a supervised lender or supervised financial organization as those terms are defined by the IUCCC. She further alleges that because NCB was not a supervised lender or supervised financial organization and, therefore, not authorized under the IUCCC to take assignment of the loan, by taking the assignment NCB conducted business without a license, attempting to

---

1.  In its findings and conclusions, the trial court found that Unifund had transferred the account to NCB in June 2003, but the exhibit attached to the order states that the transfer occurred in October 2003.

2.  This case comes to us in an unusual procedural posture. Rainey could not have appealed from the denial of her motion to dismiss unless she had perfected a discretionary interlocutory appeal. *See* Ind. Appellate Rule 14(B). Thus, while Rainey challenges the denial of her motion to dismiss, it is the entry of summary judgment that gives us jurisdiction to entertain her appeal.

collect excess charges, or both and, thus, the loan is void. We cannot agree.

The issue presented in this appeal is a matter of first impression for an Indiana state court. The same issue was addressed in federal court in *Walters v. PDI Mgmt. Servs.*, 2004 WL 1622217, 2004 U.S. Dist. LEXIS 13972 (S.D.Ind. Apr. 6, 2004) (*"Walters I"*), *modified in part by* 2004 WL 2137513, 2004 U.S. Dist. LEXIS 19570 (S.D. Ind. June 14, 2004) (*"Walters II"*).[3] In that case, the consumer loan originator assigned Walters' delinquent account to Vision Nevada, which then assigned the loan to PDI. When PDI attempted to collect on the account, Walters filed suit alleging violations of the Fair Debt Collection Practices Act. PDI counterclaimed to collect on the account, and in defense Walters claimed in part that her loan was void because the assignment violated Indiana Code Section 24–4.5–3–502. That statute provides in relevant part: "Unless a person is a supervised financial organization or has first obtained a license from the department, the person shall not regularly engage in this state in the business of: (1) making consumer loans; or (b) taking assignments of and undertaking direct collection of payments."

The district court addressed Walters' argument as follows:

> According to Ms. Walters, upon [the loan originator's] assignment of Ms. Walters' account to Vision Nevada and PDI, both Vision Nevada and PDI were required to adhere to Indiana's twenty-one percent rate restriction or become a licensed supervised lender in order to take assignment of Ms. Walters' debt.

Ms. Walters argued that because PDI took assignment of and attempted to collect on a debt with an interest rate exceeding twenty-one percent without obtaining a license, the underlying loan was void. In support of this argument, Ms. Walters cited Indiana Code [Section] 24–4.5–5–202(2), which provides that "if a creditor has violated the provisions of this Article applying to authority to make consumer loans ([Indiana Code Section] 24–4.5–3–502), the loan is void and the debtor is not obligated to pay either the principal or loan finance charge." Ind.Code [Section] 24–4.5–5–202(2). The court held that Indiana Code [Section] 24–4.5–5–202(2) did not apply to PDI because the section only applied to "creditors" and PDI was not a creditor under the Act.

Although Ms. Walters states the court's ruling was sound, Ms. Walters argues that "the court did not address the fact that the various assignments leading up to the purported transfer of rights, title, and interest in the alleged debt to PDI, is not permitted under Indiana law." She contends that the assignments leading up to PDI owning Ms. Walters' account are void because they are illegal and that permitting PDI to collect the debt would require the court to "sanction, engage in, and otherwise permit PDI to engage in illegal and criminal conduct." Ms. Walters argues "specifically" that [Section] 5–301(2) and [Section] 5–301(3) apply, reasoning that "not only is PDI operating without a license in violation of [Indiana Code Section] 24–4.5–3–503 (thereby committing

**3.** In *Walters II* the district court denied Walters' request that the court reconsider its ruling in *Walters I*, but the court modified its prior judgment with regard to damages awarded to PDI under the IUCCC. In the case before us, no damages award is at issue. Also, in *Walters I* and *Walters II*, the debtor appealed from the grant of summary judgment in favor of the assignee, PDI. Here, the debtor, Rainey, appeals from the denial of her motion to dismiss for failure to state a claim. While the standard of review differs in the present case, the district court's application of the IUCCC is equally persuasive here.

a Class A misdemeanor) PDI is also attempting to undertake direct collection or enforcement of its purportedly assigned rights in Ms. Walters' debt, which is a Class A infraction."

Section 5–301(2)–(3) provides:

(2) A person, other than a supervised financial organization, who knowingly engages in the business of *making consumer* loans without a license in violation of the provisions of this article applying to authority to make consumer loans ([Indiana Code Section] 24–4.5–3–502) commits a Class A misdemeanor.

(3) A person who knowingly:

(a) engages in the business of making consumer credit sales, consumer leases, or consumer loans, or of taking assignments of rights against debtors; *and*

(b) undertakes direct collection of payments or enforcement of these rights, without complying with the provisions of this article concerning *notification* ([Indiana Code Section] 24–4.5–6–202) *or payment of fees* ([Indiana Code Section] 24–4.5–6–203);

commits a Class A infraction.

Ind.Code § 24–4.5–5–301(2)–(3) (emphasis added).

Section 5–301(2) applies only to persons engaged in the business of making consumer loans. There is no evidence, previously submitted or newly discovered, that PDI is in the business of making consumer loans. Section 5–301(3) applies only to persons that are both engaged in the business of taking assignments *and* undertake direct collection of payments of enforcement of these rights without complying with Indiana Code [Section] 24–4.5–6–202 or Indiana Code [Section] 24–4.5–6–203. There is also no evidence, previously submitted or newly discovered, that PDI has failed to comply with [Section] 6–202 or [Section] 6–203.

*Walters II,* 2004 WL 2137513, at *2, 2004 U.S. Dist. LEXIS 19750, *4–*6 (emphasis in original).

Here, Rainey argues that because NCB was not licensed as a supervised lender or supervised financial organization under the IUCCC, the assignment to NCB and NCB's attempt to collect on the account after the assignment constitute operating without a license, attempting to collect or enforce the assignment, or both, in violation of the licensing statute, Indiana Code Section 24–4.5–3–503. But, as the district court noted in *Walters II,* the violations set out in Indiana Code Sections 24–4.5–5–301 apply only to creditors. A "creditor" under the IUCCC is defined as

a person (a) who regularly engages in the extension of consumer credit that is subject to a credit service charge or loan finance charge, as applicable, or is payable in installments; and (b) to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is not a note or contract.

Ind.Code § 24–4.5–1–301(8). NCB's amended complaint does not allege facts showing that NCB is a creditor. In particular, the amended complaint does not allege facts to demonstrate that NCB regularly engages in the extension of consumer credit or is an entity to whom a loan obligation is initially payable. Nor does the amended complaint allege facts to show that NCB was in the business of making consumer loans or of taking assignments *and* undertaking direct collection of payments of enforcement of the assigned rights. As such, the complaint on its face does not allege that NCB is a creditor, and, therefore, it is not subject to Indiana Code Section 24–4.5–1–301. Thus,

Rainey has not shown that the complaint, when taken as true, alleges circumstances incapable of supporting relief under any set of circumstances.

Rainey also contends that, because the assignment of the loan to NCB violates Indiana law, that it is void as against public policy. In support of that argument Rainey relies, again, on the allegations that NCB's taking of the assignment and attempt to collect on the assigned account constituted "criminal conduct" described in Indiana Code Section 24–4.5–3–502. *See* Appellant's Brief at 12. She argues that because the assignment to NCB was illegal, the trial court cannot enforce it. But, as noted above, the amended complaint does not allege an assignment or enforcement of assigned rights that violates the IUCCC. Therefore, Rainey's argument is without merit. We conclude that the trial court did not err when it denied Rainey's motion to dismiss the amended complaint.

**Issue Two: Post-judgment Interest**

■ Rainey also alleges that the trial court erred when it awarded post-judgment interest at the rate of eight percent. Indiana Code Section 24–4.6–1–101(1) provides in relevant part:

> Except as provided by statute, interest on judgments for money whenever rendered shall be from the date of the return of the verdict or finding of the court until satisfaction at the rate agreed upon in the original contract sued upon, which shall not exceed an annual rate of eight percent (8%) even though a higher rate of interest may

properly have been charged according to the contract prior to judgment.

When granting summary judgment in favor of NCB, the trial court ordered that NCB is to recover the principal "amount of $687.21 plus interest at the rate of 6.000% from 06/22/2001 in the amount of $199.20 for a total of $866.41, plus interest at the rate of 8% per annum from the date of judgment until paid[.]" Appellant's App. at 6. The assignment from Unifund to NCB provides for interest to accrue at the rate of six percent annually. Therefore, Indiana Code Section 24–4.6–1–101(1) limits any post-judgment interest award to the contract amount of six percent. Without conceding the argument on this issue, NCB does not object to the accrual of post-judgment interest at the rate of six percent as provided in the assignment from Unifund. Thus, we reverse that part of the judgment awarding post-judgment interest and remand to the trial court with instructions to order post-judgment interest at the contract rate of six percent per annum.

Affirmed in part, reversed in part, and remanded with instructions.

SHARPNACK, J., and ROBB, J., concur.